IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA SIDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-675-GMB |
| | ) | [WO] |
| SODEXO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Brenda Sides filed this lawsuit in the Circuit Court of Montgomery County, Alabama on August 3, 2016, naming Sodexo, Inc. ("Sodexo") as the defendant. On August 16, 2016, Sodexo removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. Now before the court is Sides' motion for leave to amend, which seeks leave to add a non-diverse defendant to the lawsuit. Doc. 23. After reviewing the motion, and for the reasons that follow, the court finds that Sides' motion is due to be DENIED.[1]

## I. BACKGROUND

This lawsuit was filed after Sides allegedly slipped and fell while returning to her husband's hospital room at Baptist Medical Center South. Doc. 1-1. At the time of the accident, Sodexo was responsible for the cleaning operations at the hospital. Doc. 1-1. Sides' complaint alleges that certain agents, servants, or employees of Sodexo failed to

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. Docs. 13 & 14.

clean the hospital properly, that this failure created a hazardous and dangerous condition, and that Sodexo failed to warn Sides about this hazardous and dangerous condition. Doc. 1-1. Sodexo is the only named defendant, and Sides asserts purely state-law claims against it for negligence; wantonness; failure to properly train, maintain, inspect or warn of a hazardous or dangerous condition; and respondeat superior. Doc. 1-1.

Sodexo removed the case from the Montgomery County Circuit Court to this court on the basis of diversity jurisdiction. Doc. 1. Sodexo alleges that Sides is a citizen of Alabama, that Sodexo is a citizen of Delaware, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Doc. 1. Sides did not move to remand, and the court entered a uniform scheduling order, setting January 9, 2017 as the deadline to amend pleadings. Doc. 15.

On May 16, 2017, more than four months after the deadline to amend passed, Sides moved to amend the complaint to add Cherylnthia Johnson, a non-diverse party,[2] as a defendant. Doc. 23. On May 26, 2017, Sodexo objected to Sides' motion and urged the court to disallow the requested amendment because (1) its sole purpose is to defeat federal diversity jurisdiction; (2) Sides was dilatory in requesting the amendment; (3) Sides will not be significantly injured if the amendment is not allowed; and (4) factors bearing on the equities weigh in favor of disallowing the requested amendment. Doc. 25. In response, Sides argues that the requested amendment should be allowed because she will be significantly prejudiced if she cannot join Johnson as a defendant. Doc. 27.

---

[2] The proposed amended complaint Sides submitted with her motion to amend alleges that Johnson is an Alabama citizen. Doc. 23-1.

2

## II. DISCUSSION

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the dispute be between citizens of different states. 28 U.S.C. § 1332(a)(1). Of course, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, "[t]hey possess only that power authorized by [the] Constitution and statute." *Id.* A case may be removed to this court from a state court only if it originally could have been filed in federal court. *See* 28 U.S.C. § 1441(a); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction with adequate proof. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). In light of the federal courts' limited jurisdiction, "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citations omitted).

"The existence of federal jurisdiction is tested as of the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The granting of leave for a post-removal amendment that would destroy diversity jurisdiction is determined by:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Jones v. Rent-A-Ctr. E., Inc.*, 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005) (citing *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "In making this determination, a district court must balance competing interests—the danger of parallel federal and state proceedings and the defendant's interest in retaining the federal forum." *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1334 (S.D. Fla. 2011).

In this case, the first *Hensgens* factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—weighs in favor of denying leave to amend. Sides argues that she is not attempting to join Johnson as a defendant to destroy federal jurisdiction but rather because Johnson is an indispensable party since she was the Sodexo employee responsible for creating the dangerous condition that led to Sides' accident. Doc. 27. Yet, Sides does not provide the court with any persuasive authority or argument for the proposition that Johnson is an indispensable party simply because she was the employee who allegedly created the hazard. Fed. R. Civ. P. 19; *see also Davis v. CDA, Inc.*, 2010 WL 454909, at *2 (M.D. Ala. Feb. 10, 2010) ("The movant bears the burden of establishing that a party is necessary or indispensable under Rule 19."). To the contrary, Johnson's presence in the lawsuit has no bearing on Sides' ability to obtain full and complete relief since Sodexo has already been made a proper defendant to her claims.

Moreover, despite Sides' protestations, the timing of her motion suggests that her motivation is to destroy federal diversity jurisdiction. This bears on both the first and the second *Hensgens* factor, which asks whether the plaintiff has delayed in seeking the requested amendment. Sides does not contest that she has been aware of or had all the

information needed to discover Johnson's identity and involvement with her accident since at least November 2016, when Sodexo served its Initial Disclosures. Rather than promptly moving to amend the complaint to add Johnson as a defendant, Sides admittedly waited more than five months after receiving Sodexo's initial disclosures and more than four months after the deadline to amend had passed to add Johnson as a defendant. Although Sides has had several opportunities to explain this delay, she has yet to provide the court with a convincing justification, suggesting that her primary purpose in requesting the amendment is to strip the court of its diversity jurisdiction so that she may return to a state-court forum.

The third *Hensgens* factor measures the harm to the plaintiff if the amendment is not allowed. Sides argues that she would be highly prejudiced if Johnson is not a party when the case is presented to a jury because "a jury could determine that [Johnson] was acting outside the scope of her employment [relieving] Sodexo, Inc. of its liability under the *respondeat superior* theory," and this would be a complete bar to recovery against Sodexo. Doc. 27 at 3. In essence, Sides wants Johnson to be an individual defendant in the lawsuit to hedge her recovery in the event her claims against Sodexo fail. The court concludes that this is not a sufficiently persuasive reason to permit the requested amendment when Sides could have but did not join Johnson as a defendant before her case landed in a federal forum and before the deadline to amend the pleadings passed. Indeed, Sodexo has already conceded that Johnson was its employee and was working within the

line and scope of her employment at the time of Sides' accident. Doc. 25.[3] Moreover, there is no allegation that Sodexo cannot fully satisfy any judgment that may be entered against it or that Johnson's presence in the lawsuit is necessary to facilitate discovery or the preparation of Sides' case.

The fourth and final *Hensgens* factor asks the court to consider any other factor bearing on the equities. To this end, Sides argues that no party will be prejudiced if Johnson becomes a defendant. Leaving aside the potential prejudice to Johnson, this argument ignores the fact that Johnson's presence as a defendant will destroy complete diversity and reverse Sodexo's choice of a federal forum. "In balancing the equities, the parties do not start out on equal footing." *Bevels v. Am. States Inc. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Out-of-state defendants have a right under the federal jurisdictional scheme to seek out a federal forum when the prerequisites for diversity jurisdiction are met. *Id.* Thus, courts "should give consideration to [the defendant's] right to choose the federal forum." *Jones*, 356 F. Supp. 2d at 1277. Sides has made no showing of counterbalancing equities. The court therefore finds that the equities weigh in Sodexo's favor, particularly in light of Sides' inability to offer a convincing and plausible justification for joining Johnson as a defendant for any purpose other than destroying federal diversity jurisdiction.

### III. CONCLUSION

Accordingly, for the reasons stated above, the court finds that the *Hensgens* factors weigh in Sodexo's favor and against allowing the requested amendment. Therefore, it is

---

[3] Specifically, Sodexo acknowledges that "Johnson was a non-managerial employee who is believed to have mopped the floor in or around the area where Plaintiff fell prior to the subject incident." Doc. 25.

6

ORDERED that Sides' motion for leave to amend (Doc. 23) is DENIED.

DONE this 22nd day of June, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE